**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 26-cv-03439-NYW

FLAVIO URSINIO VENTURI VIGO,

Petitioner,

v.

GEORGE VALDEZ, in his official capacity,[1]
MARKWAYNE MULLIN, in his official capacity,
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE, in his official capacity,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and
JUAN BALTASAR, in his official capacity,

Respondents.

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the Petition for Writ of Habeas Corpus ("Petition"). [Doc. 1]. Respondents filed a consolidated response but declined to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 10 at 2]. Upon review, the Petition is respectfully **DENIED**.

**BACKGROUND**

Petitioner Flavio Ursinio Venturi Vigo ("Petitioner" or "Mr. Venturi Vigo") is a native and citizen of Peru. [Doc. 15-1 at ¶ 23]. He legally entered the United States in 2007. [*Id.* at ¶ 23]. He was detained in July 2025, [*id.*], and placed in removal proceedings for allegedly overstaying his visa, [Doc. 1-2 at 1–2]. At some point, Mr. Venturi Vigo was

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Valdez is automatically substituted into this case as a Respondent.

"denied his bond for having two DUI arrests." [Doc. 1 at ¶ 9]. In December 2025, an immigration judge ("IJ") granted him cancellation of removal. [*Id.* at ¶ 5]. The Government's appeal of that decision remains pending. [*Id.* at ¶ 3]. Because the IJ granted cancellation of removal, Mr. Venturi Vigo asserts that he is "clearly eligible to post a bond and receive a favorable custody determination." [*Id.* at ¶ 12]. But Respondents have failed to provide any such custody determination, and Mr. Venturi Vigo remains in immigration detention at a facility in this District. [*Id.* at ¶ 1].

Mr. Venturi Vigo brings one claim, alleging that his detention violates the Immigration and Nationality Act. [*Id.* at ¶¶ 27–30]. He seeks immediate release or, alternatively, an order requiring Respondents to provide him a bond hearing under 8 U.S.C. § 1226(a) within seven days. [*Id.* at 5].

## LEGAL STANDARD

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner bears the burden to demonstrate that he is entitled to relief. *See, e.g.*, *Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1255, 1257 (D. Colo. 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("[T]he burden of proof under § 2241 is on the prisoner . . . .").

**ANALYSIS**

The crux of Mr. Venturi Vigo's claim is that he is "entitled to consideration for release on bond under 8 U.S.C. § 1226(a)." [*Id.* at ¶ 28]. But he alleges that he "was previously denied his bond for having two DUI arrest as per [*In re Siniauskas*, 27 I & N Dec. 207 (B.I.A. 2018)]." [*Id.* at ¶ 9]. *Siniauskas* dealt with standards for custody determinations under § 1226(a). 27 I. & N. Dec. at 207. The Petition thus indicates that Mr. Venturi Vigo has received the bond determination to which he is entitled under § 1226(a). *See also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (recognizing that noncitizens detained under § 1226(a) are eligible for bond).

Mr. Venturi Vigo seems to suggest that § 1226(a) entitles him to another bond determination, now that he has been detained for a year and his removal proceedings are completed pending an appeal. [*Id.* at ¶¶ 9, 12, 28]. The Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), forecloses this argument. In *Jennings*, the Court considered whether § 1226(a) and other immigration detention provisions provide detained noncitizens a right to periodic bond hearings. *See* 583 U.S. at 285. The Court began by observing that the text of these provisions "does not give detained aliens the right to periodic bond hearings during the course of their detention." *Id.*; *see also* § 1226(a) (permitting a noncitizen to be "arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States"). And, turning to § 1226(a) specifically, the Court emphasized that federal regulations provide noncitizens a bond hearing "at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). The text of § 1226(a), the Court explained, does not "remotely support[]" a requirement of additional periodic bond hearings. *Id.*

Petitioner does not acknowledge *Jennings* or otherwise explain how § 1226(a) entitles him to a second bond determination. Nor does he point to any other basis for relief. The Court cannot make Petitioner's arguments for him, especially given that he is represented by able counsel. *United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made himself."). Petitioner thus fails to carry his burden of "showing deprivation of rights leading to unlawful detention." *Espinoza*, 558 F.3d at 89. The Petition is respectfully **DENIED**.

**CONCLUSION**

For the reasons set forth in this Order, it is **ORDERED** that:

(1) The Petition for Writ of Habeas Corpus [Doc. 1] is **DENIED**.

DATED: October 2, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge